IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| I.B.E.W. LOCAL UNION NO. 124 HEALTH AND WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 12-274-CV-W-NKL |
| | ) | |
| UNITED SIGN CORP. d/b/a UNITED SIGN CORPORATION | ) ) | |
| | ) | |
| Defendant. | ) | |

DEFAULT JUDGMENT

Upon the motion of the IBEW Local Union No. 124 Health and Welfare Fund,

National Electrical Benefit Fund, and International Brotherhood of Electrical Workers Local

Union No. 124, AFL-CIO, Plaintiffs in the above-entitled cause for default judgment

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the

Court that:

1.      Plaintiffs herein on March 1, 2012 filed their Complaint against the

Defendant herein; and

2.      Defendant United Sign Corp. d/b/a United Sign Corporation was served on

March 5, 2012, with a copy of the Summons and Complaint, at 4900 Lister, Kansas City,

MO 64130, and therefore the Court has jurisdiction over said Defendant; and

3.      This action arises and subject matter jurisdiction is properly based on

Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and

Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer the Plaintiffs' Complaint, or serve a copy of any answer or other defense upon Plaintiffs' attorneys of record or upon Plaintiffs; and the Plaintiffs have heretofore filed in this cause on the 9th day of April, 2012, the following pleadings and caused the same to be mailed by certified mail to: David Pickett, Registered Agent, 4900 Lister, Kansas City, MO 64130:

a. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

b. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

c. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5. The Court entered a show-cause order on the 1st day of May, 2012, directing Defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to David Pickett, Registered Agent, 4900 Lister, Kansas City, MO 64130.

Nevertheless, nothing has been filed by Defendant since the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against Defendant, and in favor of Plaintiffs, IBEW Local Union No.

2

124 Health and Welfare Fund, National Electrical Benefit Fund, and International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1.      That the Plaintiff, IBEW Local Union No. 124 Health and Welfare Fund, have and recover of and from the Defendant for the period **January 1, 2009 through March 31, 2011**; the sum of **ONE HUNDRED FIFTY-SEVEN THOUSAND, SIX HUNDRED THIRTY AND 89/100 ($157,630.89) DOLLARS** in unpaid fringe benefit contributions, **SEVEN THOUSAND, EIGHT HUNDRED FIFTY AND 52/100 ($7,850.52) DOLLARS** as and for liquidated damages and **SIX THOUSAND, ONE HUNDRED EIGHTY-SEVEN AND 54/100 ($6,187.54) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, THREE HUNDRED EIGHTY-FIVE AND 58/100 ($1,385.58) DOLLARS** representing reasonable attorneys' fees; **SIX THOUSAND, SIX HUNDRED NINETY-FOUR AND 65/100 ($6,694.65) DOLLARS** representing audit costs, for a total of **ONE HUNDRED SEVENTY-NINE THOUSAND, SEVEN HUNDRED FORTY-NINE AND 18/100 ($179,749.18) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.      Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked

3

and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 1, 2011,** to date.

3. That the Plaintiff, IBEW Local Union No. 124 Health and Welfare Fund, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the IBEW Local Union No. 124 Health and Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as

4

required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT II

1.   That the Plaintiff, National Electrical Benefit Fund, have and recover of and from the Defendant for the period **January 1, 2009 through March 31, 2011**; the sum of **TWENTY-TWO THOUSAND, FIVE HUNDRED NINETY-SIX AND 92/100 ($22,596.92) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, ONE HUNDRED TWENTY-FIVE AND 78/100 ($1,125.78) DOLLARS** as and for liquidated damages and **NINE HUNDRED THREE AND 10/100 ($903.10) DOLLARS** representing interest on the unpaid contributions; **TWO HUNDRED SEVENTY-THREE AND 69/100 ($273.69) DOLLARS** representing reasonable attorneys' fees; **ONE THOUSAND, THREE HUNDRED TWENTY-TWO AND 40/100 ($1,322.40) DOLLARS** representing audit costs, for a total of **TWENTY-SIX THOUSAND, TWO HUNDRED TWENTY-ONE AND 89/100 ($26,221.89) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.   Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 1, 2011,** to date.

5

3.     That the Plaintiff, National Electrical Benefit Fund, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

4.     That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the National Electrical Benefit Fund on behalf of employees working under the collective bargaining agreements.

5.     That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6.     That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT III

1.     That the Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, have and recover of and from the Defendant for the period

**January 1, 2009 through March 31, 2011**; the sum of TWENTY THOUSAND, FIVE HUNDRED EIGHTY-SIX AND 47/100 ($20,586.47) DOLLARS in unpaid fringe benefit contributions, ONE THOUSAND, TWENTY-FIVE AND 41/100 ($1,025.41) DOLLARS as and for liquidated damages and EIGHT HUNDRED SIXTEEN AND 32/100 ($816.32) DOLLARS representing interest on the unpaid contributions; FIFTY-ONE AND 32/100 ($51.32) DOLLARS representing reasonable attorneys' fees; TWO HUNDRED FORTY-SEVEN AND 95/100 ($247.95) DOLLARS representing audit costs, for a total of TWENTY-TWO THOUSAND, SEVEN HUNDRED TWENTY-SEVEN AND 47/100 ($22,727.47) DOLLARS; and their costs herein incurred and expended and that execution issue therefore.

2.     Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **April 1, 2011,** to date.

3.     That the Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **April 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and

Case 4:12-cv-00274-NKL   Document 13   Filed 06/15/12   Page 7 of 8

judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to Plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.


                                       s/ Nanette K. Laughrey
                                       NANETTE K. LAUGHREY
                                       United States District Judge

Dated:  June 15, 2012
Jefferson City, Missouri